IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 3:14-cr-00104-5 |
| ) | Judge Trauger |
| CHRISTOPHER LAMONT CANNON ) | |
| ) | |

**MEMORANDUM AND ORDER**

The defendant, through appointed counsel, has filed a Motion for Compassionate Release (Doc. No. 977), to which the government has filed a Response in opposition (Doc. No. 978), and the defendant has filed a Reply (Doc. No. 981). Letters and extensive medical records have been filed as part of the briefing, and the Probation Office has completed a Memorandum related to the defendant's proposed release plan and conduct while incarcerated.

The defendant pled guilty to participating in an extensive, 19-defendant heroin conspiracy taking place in the Nashville area in 2014. When arrested after a drug transaction, found in his car, along with a small child, were a loaded, stolen Ruger pistol, four cell phones, $3000 in cash, and nine grams of heroin. The court accepted a binding plea agreement and imposed a custody sentence of 156 months, a downward variance from the guideline range of 188-235 months. The defendant qualified as a career offender, but, by entering into the plea agreement, he avoided the government's filing of an 851 information, which would have resulted in his guideline range being 262-327 months, and the government's superseding the indictment to add a § 924(c) charge, which would have added another mandatory 5 years consecutive to his sentence.

The defendant has an extensive criminal history, beginning at the age of 15, consisting of several acts of violence. Contained within the presentence report is the fact that, upon being arrested by state authorities in 2012 at the age of 27, he stated that he "had been selling cocaine since he was 13 years old." He has received serious sentences for armed robbery and selling crack and has been unable to successfully complete suspended or probationary sentences because he has violated the conditions of his release. Although he has completed drug treatment and several courses while incarcerated, he has incurred multiple disciplinary sanctions as late as November 2019, while in his mid-30's and after having been incarcerated for several years.

The defendant is housed at FCI Gilmer and has served approximately 50% of his custody sentence. His release date is September 4, 2025. Although the government contests that he has not fully exhausted his administrative remedies, the court finds that he has. He requests compassionate release based upon diagnoses of high blood pressure (hypertension) and obesity.

The medical records substantiate that the defendant qualifies as obese, with a BMI of over 35. They also substantiate that his blood pressure has fluctuated over time, placing him either in Stage 1 or Stage 2 hypertension, and he is on medication for his high blood pressure. He was on medication for hypertension when he was sentenced by this court in 2015, but both his obesity and hypertension seem to have gotten worse with weight gain while incarcerated. The record shows a gain of 54 pounds over the course of 9 months between October 2019 and July 2020.

Obesity is among the conditions listed by the Centers for Disease Control that place one at increased risk of severe illness from COVID-19. Hypertension is one of the conditions that "might" put a person at increased risk. These medical conditions weigh in favor of the defendant's early release. However, the factors under § 3553(a) militate against that release.

The defendant, in his binding plea agreement with the government, negotiated a sentence far lower than his criminal activity and criminal history could have subjected him. The government's refraining from adding the 924(c) charge and from filing an 851 information greatly benefitted him. He has only served approximately 50% of the sentence imposed, and age does not seem to have caused him to mature to the point that he can follow the rules, even while incarcerated. This continues an unfortunate pattern of an inability to comply with rules, beginning at an early age. Though raised middle class, his family background, which is a sad one, undoubtedly contributed to his criminal record and activities. However, the court finds that his early release would not reflect the seriousness of his offense, promote respect for the law, be a just punishment, or protect the public from further crimes of the defendant. For these reasons, the defendant's motion is DENIED.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
U.S. DISTRICT JUDGE